102   677
f104   410

102   677
107   744

# Wytheville.

## NEWPORT NEWS PUBLISHING COMPANY v. BEAUMEISTER.

### JUNE 16, 1904.

1. NEGLIGENCE — *Contributory Negligence — Proof — Presumptions.* — Where, in an action based on the negligence of the defendant, the evidence tends to show negligence on the part of both the plaintiff and the defendant, the verdict of the jury must rest upon the facts proved and upon the inferences reasonably to be drawn therefrom, and not upon presumptions of law in favor of either party, and it is error to instruct the jury that "the instinct of self-preservation forbids the imputation of negligence to any one." Such an instruction is only pertinent in the absence of evidence of negligence of the party asking it.

2. MASTER AND SERVANT—*Defective Machinery—Promise to Repair.*—If the master promises to repair defective machinery, the servant may rely on the promise and continue to use the machinery without an implication of the assumption of the risk, unless such use involves a degree of recklessness that no reasonably prudent man would encounter.

3. MASTER AND SERVANT—*Contributory Negligence—Choice of Methods.*—Where a servant has a choice of two ways of performing his duty, one of which is perfectly safe and the other dangerous, and he voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover of the master.

4. MASTER AND SERVANT—*Contributory Negligence—Using Machinery in Motion.*—A servant is guilty of contributory negligence who, knowing the danger, is injured by doing acts about machinery while in motion which he could have accomplished with safety after stopping it.

5. INSTRUCTIONS—*Multiplication of—Effect.*—The giving of numerous irrelevant and unnecessary instructions is well calculated to mislead and confuse the jury, and operates as a hindrance rather than an aid to the administration of justice.

Error to a judgment of the Circuit Court of Newport News in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*R. M. Lett* and *O. D. Batchelor,* for the plaintiff in error.

*C. A. Ashby* and *Bickford & Stewart,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

The question involved in this case is the liability of the Newport News Publishing Company for the alleged negligent injury of the plaintiff, W. H. Beaumeister, while in the service of the defendant company, as pressman, in charge of its printing press.

The plaintiff alleges that in operating the printing press of the defendant company it became necessary for him to occasionally enter the pit under the press, in order to adjust certain parts of the machine; that it was the duty of the defendant, in the exercise of reasonable care, to properly light the pit, so that the plaintiff might, with due caution on his part, perform his duties therein; that the defendant failed to provide sufficient light in the pit for his safety, though it had promised to do so, and that in reliance on such promise plaintiff had continued in defendant's employment; and that on the day of the accident he had, in the performance of his duties, entered the pit, and by reason of the insufficient light was so injured that he suffered the loss of his hand.

Upon the plea of not guilty issue was joined, and a verdict

returned in favor of the plaintiff for $2,000.00, which the Circuit Court refused to set aside.

Among the errors assigned is the action of the court in giving the following instruction for the plaintiff:

"The court instructs the jury that contributory negligence is as distinctly a wrong in the plaintiff as negligence is in the defendant, and that it is as much against the principles of the law to presume it upon the one side as on the other. And that the instinct of self-preservation forbids the imputation of recklessness to any one."

The last paragraph of this instruction would only be pertinent in a case where there was no evidence to sustain the theory of negligence on the part of the plaintiff. It has, however, no application where, as in the case at bar, the evidence is abundant to show the circumstances of the accident. In support of this instruction *So. R. R. Co.* v. *Bryant,* 95 Va. 212, 28 S. E. 183 is relied on. In that case Bryant was killed at a crossing, and the evidence was silent as to whether he had listened before attempting to cross. Under these circumstances, the court said it could not be inferred, as a matter of law, that Bryant did not listen, because he drove upon the track without stopping; the instinct of self-preservation forbidding the imputation of recklessness to any one; that where a traveller approaches a railroad crossing, and the negligence of the railroad company is established, in the absence of evidence to the contrary, the presumption is, though perhaps slight, that the traveller did his duty in approaching the crossing. The court was dealing with the presumption of law attendant upon the absence of evidence. No such condition is presented by the case at bar. On the contrary, the evidence tends to show negligence on the part of both the plaintiff and the defendant. In such a case the verdict of the jury must rest upon the facts proven, and the inferences to be reasonably drawn therefrom, and not upon the presumptions of law in favor of either party. The instruction under considera-

tion was, therefore, misleading, and calculated to create upon the mind of the jury the belief that the court was of opinion that there was no evidence tending to establish the negligence of the plaintiff.

The refusal of the court to give instruction No. 6, on behalf of the defendant, is assigned as error. This instruction told the jury that an employee was not entitled to recover for an injury received while doing his work in an obviously dangerous way, when it could have been performed without danger in a way well known to the employee; and that, if they believed from the evidence that it was not necessary for the plaintiff to go into the pit while the machine was running, and that it was obviously dangerous to do so, and that the duty to be performed in the pit could have been performed in safety after first stopping the machine, and the plaintiff ignored the safe way, and adopted the dangerous method of doing the work, he could not recover.

The gravamen of the declaration is that it was dangerous to go under the machine without a light while it was running. The plaintiff was a man of experience, and had the entire control and management of the printing press in question. His own evidence, as well as that of the defendant, shows that it was very dangerous to go into the pit, under the machine, while the machine was running, and that the absence of the electric light greatly enhanced the danger. The evidence further shows that there were two levers on the outside and one in the pit, by the use of which the machine could have been stopped in an instant. The plaintiff says that he could have stopped the machine before going into the pit, and that, if he had done so, it would have been absolutely safe.

It was proper to instruct the jury that it was the duty of the defendant to repair the electric light for use in the pit, and that the plaintiff had the right to rely upon its promise to repair, and that such promise relieved the plaintiff from the im-

plication of assumption of risk in attempting to proceed with his work without the light, unless his doing so involved a degree of recklessness that no reasonably prudent man would encounter. But while the plaintiff may have been justified in proceeding with the work while the light was absent, that did not preclude an inquiry into the question of his contributory negligence in doing the work.   The absence of the light increased the danger, and imposed upon the plaintiff enlarged obligations to exercise due care and caution in the performance of his duty.   Notwithstanding the darkness and the promise of the master to repair the light, there was the absolutely safe way of repairing the defect in the machine, and the question arises, whether the plaintiff did not owe to his master, as well as to himself, the duty of adopting the method of doing the work, with respect to which there was no danger.   It is a well settled principle, that where a person has a choice of two ways in performing his duty, one of which is perfectly safe, and the other dangerous, and he voluntarily chooses the latter and is injured, he is guilty of contributory negligence, and the master is not liable.   *Street* v. *N. & W. R. Co.,* 101 Va. 746, 45 S. E. Rep. 284; *N. & W. R. Co.* v. *Mann,* 99 Va. 180, 37 S. E. 849.

In Labatt's recent work on Master and Servant, sec. 338, on p. 870, it is said: "The doctrine that negligence may be inferred, as a matter of law, when it is apparent that the act which caused the injury was done in an unnecessarily dangerous manner, has been applied in the predicaments exemplified in the following paragraphs."   Among the predicaments mentioned is the following, at p. 876: "Failing to stop machinery when work is to be done, which is dangerous while the machinery is in motion.   A servant who, with knowledge of the risk he is incurring, does acts about machinery, while it is in motion, is guilty of contributory negligence, if he could have accomplished his purpose safely after stopping the machinery."

Enough has been said of the facts of the case under considera-

tion and the law applicable to make manifest the error in refusing the instruction in question.    The defendant relied on the contributory negligence of the plaintiff as the ground of its release from liability, and especially his contributory negligence in not stopping the machine before going into the pit.    No other instruction had sufficiently submitted that question to the jury, and, in view of the evidence to which we have adverted, the defendant was entitled to an instruction limited and directed to the submission of that material and important question.

As the judgment must be reversed for the errors already pointed out, it is unnecessary to comment upon the numerous other instructions given and refused, except to suggest that, in point of number, they are wholly out of proportion to the necessities of the case.    The controlling facts and circumstances are few, and two or three instructions limited and directed to the material questions presented would have been ample to properly submit the case to the jury.    The numerous irrelevant and unnecessary instructions given are well calculated to mislead and confuse the jury, and operate as a hindrance rather than an aid to the administration of justice.

For these reasons the judgment complained of must be reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed.*